# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE-JAY; HOUSE CAMERON,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VALERIE THERRIAN, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 4:23-cv-00004-SLG-KFR |

## ORDER OF DISMISSAL

On March 1, 2023, Plaintiff, a self-represented litigant ("Plaintiff"), initiated this action against Valerie Therrian, Maria-Patrice Bahr, Alice Brown, and Austin Brown.[1] On August 21, 2023, the Magistrate Judge screened the Complaint, found it deficient, but granted Plaintiff leave to file either an amended complaint or a Notice of Voluntary Dismissal by October 20, 2023.[2] The Court's order was returned to the Court as undeliverable.[3] To date, Plaintiff has not responded or otherwise contacted the Court.

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. Further, if a plaintiff

---

[1] Dockets 1-5.

[2] Docket 8.

[3] Docket 9.

fails to keep a current address on file with the Court, it may result in a dismissal of the case without further notice to the plaintiff.[4]

Before dismissing a complaint for failure to comply with a court order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5] A court is not required to "make explicit findings in order to show that it has considered these factors."[6]

Having considered these five factors, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[7] The Court finds no other lesser sanction to be satisfactory or effective in this case.[8] Therefore, this case is dismissed, without

---

[4] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[5] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (first citing *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); and then citing *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

[6] *Id.*

[7] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[8] See, e.g., *Henderson, 779 F.2d at 1424* (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court

Case No. 4:23-cv-00004-SLG-KFR, *Cameron v. Therrian, et al.*
Order of Dismissal
Page 2 of 3
Case 4:23-cv-00004-SLG-KFR   Document 10   Filed 11/27/23   Page 2 of 3

prejudice, for failure to comply with a Court order and failure to prosecute this action.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED without prejudice**.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment.

DATED this 27th day of November, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).